By the Court—Lott, J.
We are of opinion that the instruments on which the action was brought were negotiable, and that the defendant was properly held liable as an indorser thereon. They were made by the city of Milwaukie, and are in the form of bills drawn by its mayor on its treasurer, attested by its clerk and countersigned by its comptroller, and directing the treasurer to pay to the order of the defendant certain sums therein specified, with interest, “out of any funds belonging to the city not before specially appropriated,” and then it is added that the same were on the date thereof allowed for dredging, and chargeable to the general city fund.
It is claimed by the defendant that the payment depended on the condition of the funds at the time they became due, and that the city would not be bound to pay them unless there was sufficient moneys in the city treasury at that time, not specially appropriated, to meet the demand. Such is not their meaning. An indebtedness to the amount specified is acknowledged, and it is stated for what it has been incurred, and on what fund it is chargeable, and although it directs the treasurer to pay the amounts “ out of any funds belonging to the city not before specially appropriated,” no inference can be drawn from this direction that it is chargeable and payable out of any particular or specified fund; on the contrary such an inference is repelled. The financial officer of the city is, in effect, directed that he shall not pay the, amount out of any specific moneys appropriated-and set apart to other objects, but that he must make the payment out of the general funds of the city, and charge the general city fund therewith in his accounts. It is not contemplated that there will be a deficiency of funds to meet the demands at the time fixed for payment. The order to pay is absolute. It does not direct the payment to be made, if in-funds or upon any express condition or contingency, nor do the words which have been mentioned give color to the idea that after acknowledging the indebtedness, the liability of the corporation to pay was in any way to depend on the condition of the city treasury. A presumption to that effect will not be implied against a creditor having a debt chargeable to *572 the city at large, and not against any special fund. The instruments were therefore in the nature of negotiable promissory notes, and could be treated as such. Under the decision of this court in the case of Fairchild v. Ogdensburgh, Clayton and Rome Railroad (15 N. Y., 337), the defendant was properly held liable as indorser. The result of these views is, that the judgment of the court below was right, and should be affirmed, with costs.
Judgment affirmed.